IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUTUILA F. TUVALU,

    Plaintiff,                            No. CIV S-04-1724 DFL KJM P

    vs.

JEANNE WOODFORD, et al.,

    Defendants.                        ORDER

_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action. He has filed an amended complaint and a number of motions for injunctive relief, all of which are before the court.

I. Motions For Injunctive Relief

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders that are ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v.

1

United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id. Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

When a party seeks an injunction against a state agency, "a strong factual record is necessary." Thomas v. County of Los Angeles, 978 F.2d 504, 508 (9th Cir. 1992). Moreover, when a party seeks an injunction that would require affirmative conduct, the facts and law must clearly favor the moving party before relief is warranted. Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993); Cupolo v. Bay Area Rapid Transit, 5 F.Supp.2d 1078, 1085 (N.D. Cal. 1997).

A. <u>Motion For Order Directing Single-Cell Status For Plaintiff (Docket No. 20)</u>

The gravamen of plaintiff's amended complaint is that restrictions on contact and family visits imposed on prisoners serving life sentences violate plaintiff's constitutional rights. In the motion seeking an order directing placement in a single cell, plaintiff says that the already-restricted visits may be restricted further if he is found guilty of any rules violation and argues that double-celling, with the attendant risk of being held responsible for a cell mate's possession of contraband, provides a substantial risk of irreparable harm to his parental relationship with his children. Mot., ¶ 13.

Plaintiff bases his claim on the case of another inmate, who was found guilty of a rules violation and deprived of visiting privileges even though the contraband was found in his cellmate's mattress and then only when correctional officials used a fluoroscope. Pl.'s Decl. In Supp. Mot. (Docket No. 21), Ex. C. While plaintiff speculates that he may be placed in a cell with a cellmate who might possess contraband and refuse to take responsibility for it, he has not described his current living situation in sufficient detail or otherwise shown any likelihood that he will be subject to such a rules violation charge and subsequent loss of visiting privileges. He has not borne his burden of demonstrating a presently existing actual threat.

B. <u>Motion For Order Prohibiting Defendants From Enforcing Visitation Policy (Docket No. 23)</u>

In this motion, plaintiff challenges the policy adopted by High Desert State Prison of restricting visits to two days a week plus designated holidays; he argues that this policy interferes with his ability to maintain his parental relationship with his daughter. In addition, although it is not entirely clear, plaintiff appears to be asking for a restoration of his right to "family visits," denied to life-term prisoners who have not earned the trust of prison officials.[1]

---

[1] In his declaration in support of the motion, plaintiff catalogues the changes in prison visiting policies following the revocation of California Penal Code section 2601, the so-called prisoners' bill of rights. Pl.'s Decl. (Docket No. 24). His motion, however, focuses on the number and type of visits permitted to lifers at High Desert State Prison.

3

1    While it is true that a parent has a fundamental interest in maintaining his
2  relationship with his children, Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001),
3  that parent's incarceration places substantial restrictions on his rights of association, even of
4  association with his family. Overton v. Bazzetta, 539 U.S. 126, 131 (2003); Wirsching v.
5  Colorado, 360 F.3d 1191, 1199 (10th Cir. 2004). A court must "accord substantial deference to
6  the professional judgment of prison administrators" and consider four factors: whether the
7  regulation has a rational connection to a legitimate government interest, whether alternative
8  means are open to the inmate to exercise the right, what impact an accommodation would have
9  on guards and other inmates and prison resources, and whether there are alternatives to the
10 regulation. Overton, 539 U.S. at 132; Turner v. Safley, 482 U.S. 78, 89-91 (1987). The burden
11 is on the prisoner to disprove the validity of the challenged regulation. Overton, 539 U.S. at 132.

12   Plaintiff has addressed the burden on his parental rights, but has not evaluated it in
13 light of the Turner factors, as he must do in order to demonstrate his substantial likelihood of
14 success on the merits. Accordingly, he has not established his entitlement to injunctive relief on
15 this motion.

16        C.   Motion For A Transfer To Institution Closer To Family (Docket No. 25)

17   As with his motion for a broader visiting program, plaintiff in this motion relies
18 on the harm to his relationship with his daughter to argue that he should be housed in southern
19 California, closer to his family, rather than in High Desert State Prison, which is a ten-to-twelve
20 hour drive from his family's home. However, as with his visiting program motion, plaintiff has
21 not demonstrated a substantial likelihood of success on the merits, for he has not borne his
22 burden to disprove the validity of the regulations governing placement within the prison system.
23 Overton, 539 U.S. at 132.
24 /////
25 ////
26 /////

   D. <u>Motion for Injunctive Relief Relating To Legal Material (Docket No. 29)</u>[2]

In this motion, plaintiff alleges the current policies that restrict him to maintaining one cubic foot of legal materials in his cell compromise his ability to litigate this case. He concedes that the rest of his legal material is stored, but claims the delays in getting access to it will delay this litigation. Mot. (Docket No. 29) ¶¶ 31-35. He also asks that the court direct the institution to release his copy of the "Prisoner's Litigation Manual" to him when it arrives at the institution. Id. ¶¶ 34-36.

An inmate has a constitutionally protected right of meaningful access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 820-21 (1977). In this case, however, plaintiff has only speculated that he will be not be able to proceed in a timely fashion because of the one cubic foot policy. Moreover, he has only suggested that he may not receive the manual in a timely fashion because of institutional problems and policies. Finally, he has alleged in only conclusory fashion that his ability to litigate will be hampered if the manual is delayed. He has not made a sufficient showing of harm to justify injunctive relief.

II. <u>Amended Complaint</u>

The amended complaint states a cognizable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Woodford, Runnels, Roe, Terhune, Sandoval, Gomez and Wilson, as to the first and third causes of action only.

2. The Clerk of the Court shall send plaintiff seven USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed April 11, 2005.

---

[2] In this motion plaintiff challenges, among other things, the restriction on the amount of typewriter ribbon he could keep in his cell. In his letter of September 21, 2005, he withdrew this portion of the request for injunction relief.

1  3. Within thirty days from the date of this order, plaintiff shall complete the
2  attached Notice of Submission of Documents and submit the following documents to the court:
3      a. The completed Notice of Submission of Documents;
4      b. One completed summons;
5      c. One completed USM-285 form for each defendant listed in number 1
6      above; and
7      d. Eight copies of the endorsed amended complaint filed April 11, 2005.
8  4. Plaintiff need not attempt service on defendants and need not request waiver of
9  service. Upon receipt of the above-described documents, the court will direct the United States
10 Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
11 without payment of costs.
12 5. Plaintiff's request for a temporary restraining order authorizing single cell
13 status (docket no. 20) is denied.
14 6. Plaintiff's request for a temporary restraining order prohibiting defendants
15 from enforcing the two-day-a week visiting policy (docket no. 23) is denied.
16 7. Plaintiff's request for a temporary restraining order directing his transfer to a
17 different institution (docket no. 25) is denied.
18 8. Plaintiff's request for a temporary restraining order concerning legal materials
19 (docket no. 29) is denied.
20 IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive
21 relief (docket nos. 20, 23, 25 and 29) be denied.
22 These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties. Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED:   December 28, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUTUILA F. TUVALU,

    Plaintiff,                              No. CIV S-04-1724 DFL KJM P

    vs.

JEANNE WOODFORD, et al.,               NOTICE OF SUBMISSION

    Defendants.                           OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      __1__  completed summons form

      __7__  completed USM-285 forms

      __8__  copies of the __April 11, 2005__

           Amended Complaint

DATED:

                                            _____

                                            Plaintiff