IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUTUILA F. TUVALU,

    Plaintiff,                    No. CIV S-04-1724 DFL KJM P

    vs.

JEANNE WOODFORD, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed several motions relating to his on-going dissatisfaction with defendants' responses to discovery following this court's earlier rulings on a series of motions to compel and to his desire to postpone the ruling on defendants' motion for summary judgment.

I. <u>Motion To Compel Filed November 21, 2006</u> (Docket No. 127)

        In an order filed November 3, 2006, the court directed defendant Woodford to provide plaintiff with the page containing her responses to requests eight through twelve of plaintiff's requests for admissions, which had been omitted from the responses served on plaintiff and to respond to request thirty-one.

/////

/////

1

1    Plaintiff takes issue with the court's earlier ruling about the relevance of requests
2 such as eight through twelve and argues that defendant Woodford has not responded to request
3 thirty-one.

4    Plaintiff's requests eight through twelve concern the treatment of informants. In
5 the order of November 3, the court concluded that similar requests to other defendants were not
6 relevant. See, e.g., 11/3/06 Order at 13. Plaintiff argues, however, that the requests are now
7 relevant. As defendant Woodford notes, this argument appears to be based on information
8 plaintiff attached to his objections to and motion to reconsider the November 3, 2006 ruling. In
9 his declaration in support of the objections, plaintiff explained he had obtained a Daily
10 Movement Sheet from another inmate and that this sheet appears to show that inmates held in
11 Close A and Close B custody have been receiving family visits. Declaration of Tutuila Tuvalu
12 filed 11/21/06 ¶ 61 & Ex. C.

13    Plaintiff's declaration describes the document as one assembled by an unnamed
14 inmate and given to him by his cell-mate, Mr. Rivera. It suggests that the unnamed inmate
15 porter actually assembled the sheet.[1]

16    This information does not render the requests for admissions that were the subject
17 of the court's prior order relevant. Although it purports to show that inmates are receiving
18 family visits even though they are not eligible for them, there is nothing in plaintiff's declaration
19 or in the document itself suggesting it is reliable. Indeed, according to plaintiff, it was
20 assembled by an unnamed inmate porter essentially for purposes of litigation.

21    Moreover, plaintiff seeks to use the list to show that Close A and Close B inmates
22 have received family visits, presumably as support for his equal protection claim. However, it is
23 not likely that list, if in fact it can be used to show what plaintiff urges, will support that claim.
24 See Gerber v. Hickman, 291 F.3d 617, 620-21 (9th Cir. 2002).

25
26       [1] In later motions, he identifies this inmate as Surinder Bains.

II. <u>Motion To Compel Filed February 12, 2007</u> (Docket No. 143)

Plaintiff seeks to compel defendants Gomez, Woodford, Wilson and Terhune to respond fully to the interrogatories and requests for admissions identified in the court's order of November 3, 2006. The defendants have opposed the motion.

The court makes an initial observation. In his reply to defendants' opposition, plaintiff claims that when any defendant admits performing an act, he must now "disclose record of those public comments and documents supporting conclusions," because the "conclusions without evidential documentary support . . . of these comments . . . are not adequate." Reply at 3. There is no such obligation. Rules 26(b)(1) and (3) of the Federal Rules of Civil Procedure, plaintiff's authority, describe the scope of discovery, but do not obligate a defendant to provide the materials plaintiff seeks.

A. <u>Defendant Gomez</u>

In interrogatory two, plaintiff asked defendant Gomez why he had not explained publicly how an inmate was supposed to earn the officials' trust so as to be eligible for family visiting. Defendant Gomez's supplemental answer referred plaintiff to four different statements of reasons for the adoption of the restrictions on family visits, which were issued in conjunction with the hearings on the changed regulations, and explained that the regulations do not address parole suitability. Motion To Compel (MTC), Ex. A. Plaintiff claims that this answer is evasive, apparently because it does not explain how certain classes of inmates could "earn official trust" and because it does not address why lifers who are otherwise "trustworthy" have been denied parole. A motion to compel seeking new information following an answer to an interrogatory is improper. <u>See</u> <u>Fleet National Bank v. Export-Import Bank of the United States</u>, 612 F. Supp. 859, 869 (D.D.C. 1985). Plaintiff cannot use this motion to seek information he did not request initially.

In interrogatory seven, plaintiff asked defendant Gomez to describe the state's purpose and goal in establishing family visitation. Gomez replied that he was not Director of the

3

Department of Corrections at the time the policy was adopted, but provided the Final Statement of Reasons for the amended regulation, which states that family visiting might be therapeutic. This is a sufficient answer.[2]

     B.  Defendant Woodford

         The court directed defendant Woodford to answer one interrogatory with several subparts and respond to one request for admission. Plaintiff takes issue with the responses to both.

         Interrogatory three asked, in essence, whether defendant Woodford received any documents "explaining how to implement the 'earning of trust' procedures" around the time the new family visit regulations were adopted or received any verbal instructions or knows of anyone else in the department who received such instructions.

         Woodford replied that wardens are not responsible for granting parole dates for lifers and so she was given no instructions on what a lifer had to do to secure a parole date. Plaintiff argues that this answer is evasive because it does not address "how the three classes of prisoners listed in the Emergency Statement . . . were supposed to earn officials' trust . . . ." Mot. at 4. Defendant counters that information on other "classes" of prisoners is not material.

         Defendant Woodford's response is adequate. That classes of inmates may be entitled to family visits under certain circumstances does not illuminate the issues in this case.

         Plaintiff also asked defendant Woodford to admit that no lifer ever escaped during a family visit; Woodford responded that she lacked sufficient information to admit it and so denied the request. She also denied that the risk of escape was the only reason that lifers without parole dates were excluded from family visiting. Plaintiff argues that defendant Woodford should make reasonable inquiry; she counters that it would be unduly burdensome to investigate

---

[2] Defendants address Gomez's answer to interrogatory nine. Plaintiff had not challenged that answer in his motion; he does, however, address it in the reply to the opposition. Because this particular interrogatory was not addressed in the original motion, the court will not evaluate the answer.

4

whether any of the escapes since the 1970s, when family visiting was instituted, involved lifers during family visits.  Opp'n at 10.

"The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."  <u>Asea, Inc. v. Southern Pacific Transportation Co.</u>, 669 F.2d 1242, 1245 (9th Cir.1981).  Defendant Woodford has denied that concerns about escape was the only reason for the exclusion; requiring her to admit that there have been no escapes would not, therefore, narrow the issues for trial.

C. <u>Defendant Wilson</u>

Petitioner takes issue with defendant Wilson's response to four requests for admission.  In requests for admission fourteen and fifteen, plaintiff asked defendant Wilson to admit that he held a news conference to publicize the fact that lifer Tex Watson had fathered children during family visiting and that, during the news conference, he suggested that children fathered by lifers were exhausting welfare funds.  Defendant Wilson denied the first request, after noting that he had no recollection of doing so, but conceded it was possible that he received a question from reporters; he denied the second as well, though noted it was likely that children fathered by lifers would be on welfare.  MTC, Ex. D.  The motion to compel is not well-taken.  Defendant Wilson has denied that he called a news conference for the purpose of discussing inmate Tex Watson's procreation and has expressed his belief that lifers' children would likely be on welfare, though he denied saying that such children "exhaust[ed] welfare funds."  These responses are adequate.

In request twenty-four, plaintiff asked defendant Wilson to admit that he stated that the revocation of a provision of the Penal Code was for purposes of punishment; defendant admitted that he has repeatedly said that the first purpose of imprisonment is public safety, the second is punishment, and the third is rehabilitation and that punishment may include denial of privileges.  MTC, Ex. D.  This is not evasive.

/////

Finally, in request thirty-one, plaintiff asked defendant Wilson to admit that he revoked parole dates he had previously approved for life prisoners around the same time he advocated that lifer without parole dates should be denied family visits; defendant Wilson responded, in essence, that he reviewed parole decisions from the Board of Prison Terms as required by law and reversed some parole decisions both before and after the change in regulations and that, except as admitted, the request is denied. Plaintiff complains that defendant did not provide a straightforward response to the request, but plaintiff is wrong: defendant admitted that he reversed some of the Board's parole decisions and denied the other parts of the request.

    D. Defendant Terhune

Plaintiff asks the court to compel defendant Terhune to make "reasonable investigation" to respond to three requests for admission. In response to interrogatories twenty-three and twenty-four, defendant Terhune denied the requests "upon reasonable investigation" as required by Fed. R. Civ. P. 36(a). Plaintiff's complaint seems to flow more from his dissatisfaction with answer, which is not a sufficient reason to compel further answers.

Defendant Terhune has denied request twenty-five, a sufficient response.

III. Motion For Discovery (Docket No. 48)

Defendant seeks information so he can effect service on defendant Sandoval; this is moot in light of the fact that service has been made and defendant Sandoval has answered.

IV. Motion For Additional Discovery, Filed January 24, 2007 (Docket No. 142)

Plaintiff asks the court to authorize the defendants to provide him with the CDC number and current location of the inmate who compiled the list of close custody inmates at Pelican Bay State Prison who allegedly received family visits. Plaintiff explains that his current cell-mate, Rivera, has the inmate's name, but not his CDC number. He also asks the court to direct CDC to permit plaintiff to contact this inmate, Surinder Bains, under the authority of 15 Cal. Code Regs. § 3163.

1 As noted above, plaintiff alleges that his current cell-mate obtained a list of
2 inmates who received family visits, apparently from inmate Bains.  Plaintiff wants to contact
3 Bains to determine whether Bains would be willing to be a witness for him.  Defendants have not
4 filed an opposition to this motion.
5 It is not likely, however, that plaintiff's contact with inmate Bains will yield
6 relevant evidence in support of plaintiff's equal protection claim.  See Gerber, 291 F.3d at 620-
7 21.
8 V.  Plaintiff's Further Request For Subpoenas (Docket No. 122)
9 As noted above, plaintiff has submitted information, apparently compiled by
10 another inmate, suggesting that inmates who are not eligible for family visits under the
11 regulations have nevertheless received such visits and asks for a subpoena to secure the
12 movement sheets for these inmates.  It is not clear that plaintiff would thereby secure relevant
13 information.  Moreover, there is absolutely no indication that the document is at all reliable.
14 Although plaintiff claims that inmate Rivera made the last two entries on the document, he has
15 provided nothing from inmate Rivera suggesting how he came by the information or what it
16 actually reflects.
17 VI.  Plaintiff's Requests For More Time To Oppose Summary Judgment (Docket Nos. 119
     & 140)
18
19 Plaintiff seeks additional time to file his opposition to defendants' motion for
20 summary judgment because he has been separated from his typewriter during a transfer to a
21 different prison, he is waiting for the resolution of the pending motions to compel, and because
22 of the newly discovered information from inmates Rivera and Bains.
23 It appears from later filings that plaintiff has secured his typewriter.  In addition,
24 the court has rejected plaintiff's requests to compel defendants to provide information about
25 inmate Bains or about family visits which may have been granted to Close A and B inmates.
26 /////

Plaintiff has not filed his opposition to the motion for summary judgment; he will be given additional time to do so.

VII. <u>Plaintiff's Motion To Amend The Complaint</u> (Docket No. 103)

Plaintiff seeks to amend the complaint to add two defendants, former Governor Gray Davis and former Director of Corrections Edward Alameida. He alleges that when Davis was lieutenant governor, he "sat idly by" while defendant Wilson changed the policy on family visiting and then enforced the policy when he became governor. He also contends that he included Alameida in the original complaint, but then did not include him in the amended complaint because he believed Alameida would agree to testify if he were not named as a defendant.

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004). Plaintiff filed his original complaint in August 2004, yet waited two years before seeking to amend to add defendants he was aware of at the time he filed the action. This delay is sufficient reason to deny the request.

IT IS HEREBY ORDERED that:

1. Plaintiff's November 21, 2006 motion to compel (Docket No. 127) is denied;
2. Plaintiff's February 12, 2007 motion to compel (Docket No. 143) is denied;
3. Plaintiff's motion for discovery (Docket No. 48) is denied;
4. Plaintiff's motion for additional discovery (Docket No. 142) is denied;
5. Plaintiff's further request for subpoenas (Docket No. 122) is denied;

/////
/////
/////
/////

6. Plaintiff's requests for more time to oppose defendants' motion for summary judgment (Docket Nos. 119 & 140) are denied; however, because plaintiff has not yet filed his opposition, he shall be given thirty days from the date of this order to file his opposition or statement of non-opposition; defendants' reply, if any, is due within fifteen days after plaintiff's opposition is filed; and

7. Plaintiff's motion to amend the complaint (Docket No. 103) is denied.

DATED:  June 5, 2007.

_____
U.S. MAGISTRATE JUDGE

2
tuva1724.mmm