IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUTUILA TUVALU,

               Plaintiff,               No. CIV S-04-1724 RRB KJM P

       vs.

JEANNE WOODFORD, et al.,

               Defendants.           <u>ORDER</u>

_____/

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action, challenging the CDCR's family visiting policies for inmates serving life sentences. He has filed a motion for discovery and a motion to compel discovery, a request for the issuance of a subpoena duces tecum to a television station, and a motion to amend the complaint. Defendants have filed a motion for summary judgment; plaintiff has not yet filed an opposition despite the fact that he has been given ample time in which to do so.

I. <u>Background</u>

       On April 12, 2006, the court issued a scheduling order setting August 4, 2006 as the date to complete discovery and to file any motions to compel discovery. On August 21, 2006, plaintiff filed ten motions to compel and a motion for the issuance of subpoenas duces

1   tecum, which the court deemed timely.  Plaintiff filed another request for subpoenas on

2   October 31, 2006.

3      On November 3, 2006, the court issued an order granting some of the motions to

4   compel in part and denying them in part and denying the request for the issuance of subpoenas.

5   In that order, the court vacated the remaining dates in the scheduling order, namely those set for

6   pretrial statements, pretrial conference and trial because of the pendency of defendants' motion

7   for summary judgment.

8      On November 21, 2006 and February 12, 2007, plaintiff filed motions to compel,

9   prompted by the defendants' responses to discovery following the November 3 order.  On

10  January 24, 2007, he filed a motion for additional discovery, arguing he had received information

11  not earlier available that suggested the need for expanded discovery.

12     On June 6, 2007, the court issued an order denying the motions to compel, the

13  motion for additional discovery generally and under Federal Rule of Civil Procedure 56(f), the

14  renewed request for subpoenas and the motion to amend the complaint.  The court gave plaintiff

15  additional time in which to file his opposition or statement of non-opposition to the motion for

16  summary judgment.

17     Plaintiff has not filed an opposition to the motion for summary judgment, but

18  instead has filed a new motion for discovery, motion to compel discovery, motion for additional

19  time to oppose summary judgment under Rule 56(f),  and another motion to amend the

20  complaint.

21  II.  <u>Motion For Discovery</u> (Docket No. 149)

22     Plaintiff contends his motion for discovery is timely because in the order of

23  November 3, 2006, the court vacated the dates in the scheduling order.   This contention is

24  /////

25  /////

26  /////

1   specious.  The order read:

2          The dates for pretrial statements, pretrial conference and trial in the
           scheduling order of April 12, 2006 are hereby vacated.
3

4   11/3/2006 Order at 20 ¶ 16.  To the extent the court directed the defendants to respond to

5   discovery in the order of November 3, this was solely because the court determined portions of

6   the motion to compel were well-taken.  Accordingly, the motion is not timely.

7   II.    Motion To Compel  Discovery And For Time To Oppose Summary Judgment,
           Fed.R.Civ. P. 56(f) (Docket. No.  154)
8

9          As part of his motion to compel, plaintiff has filed a lengthy declaration,

10  attempting to explain why the court should not rule on defendants' motion for summary

11  judgment until plaintiff has conducted additional discovery.  Fed.R.Civ. P. 56(f).

12         Under Rule 56(f), a court may "refuse the application for judgment or may order a

13  continuance" when the party opposing summary judgment submits an affidavit showing he

14  cannot present facts essential to the opposition without further discovery.

15         A party requesting a continuance pursuant to Rule 56(f) must
           identify by affidavit the specific facts that further discovery would
16         reveal, and explain why those facts would preclude summary
           judgment.
17

18  Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006).  A court is within

19  its discretion to deny such a request when the party seeking the continuance has not diligently

20  pursued discovery previously.  Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.

21  1994).

22         The separate motion for discovery (docket no. 149) contains thirty two numbered

23  paragraphs, each seeking a different category of information.  Plaintiff's declaration in support of

24  the motion to compel addresses twenty five of those requests.

25  /////

26  /////

                                        3

A.  <u>Request For Documents Nos. 7 & 8</u>

Plaintiff asks for all documents related to the initial enactment of family visiting and for all periodic assessments and evaluations of the family visiting programs.  He argues that if the program was enacted to strengthen family ties, which in turn promoted rehabilitation, then its curtailment might be deemed irrational, which in turn would raise a material, disputed issue as to his equal protection claim and would show the defendants' disregard of family relationships.

"[A] legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data."  <u>F.C.C. v. Beach Communications</u>, 508 U.S. 307, 315 (1993).  Plaintiff's showing as to these documents, therefore, is inadequate.

B.  <u>Request For Documents No. 9</u>

Plaintiff asks for all correspondence between Wilson, Sandoval and Gomez about the revocation of the family visitation program.

As with his request number 8, plaintiff alleges that the complaint in <u>Allegrezza v. Gomez</u>, Civ. No. 97-1492 WBS, refers to letters from Assemblyman Dean Andal and defendant Wilson about the legislative changes in the family visiting program.  Plaintiff argues this correspondence may show changes in the program were irrational if it had been shown to be rehabilitative and also may show the program was changed for purposes of punishment.  This showing is inadequate support for plaintiff's request for further discovery.  <u>Gerber v. Hickman</u>, 291 F.3d 617, 621 (9th Cir. 2002).

C.  <u>Request For Documents No. 10</u>

Plaintiff seeks the minutes of public hearings on the changes in the family visitation program.  His argument is difficult to comprehend: he suggests that "conditioning exercise of parental rights raise genuine issue of whether a hearing was held . . . ."  The confusing nature of his argument renders this request inadequate as a basis for the court's ruling on it.

4

D.  Request For Documents No. 11

Plaintiff asks for the minutes of the hearing regarding Assembly Bill 212, which was rejected by the Committee on Public Safety in order to show the reasons the bill, which would have totally eliminated family visiting, was rejected.  This does not meet plaintiff's burden under Rule 56(f).  F.C.C. v. Beach Communications, Inc., 508 U.S. at 315.

E.  Request For Documents No. 12

This request is for copies of statements from the defendants concerning the family visitation program, amendment of the prisoner rights provisions of the Penal Code and a "no parole" policy.  These are not relevant to plaintiff's equal protection challenge.  Turner v. Glickman, 207 F.3d 419, 424 (7th Cir. 2000).

F.  Requests For Documents Nos. 13, 14, 15, 16, 17, 18 19 & 20

These requests seek information about specific lifer inmates who, petitioner claims, received family visits, and general categories of inmates, including lifers and Close A and Close B inmates who received family visits.  He argues that this information will show the family visiting policy is irrational because it is likely these otherwise ineligible prisoners are probably informants.  Whether a policy is irrational from plaintiff's point of view, however, is not the inquiry.  Moreover, even if there was a policy of allowing otherwise ineligible informants to have family visits, this would not render the overall policy irrational.  See United States v. Horn, 946 F.2d 738 , 746 (10th Cir. 1991) (difference in sentence between those who provided information to the government and those who did not is rational).

G.  Requests For Documents Nos. 21 & 22

These requests seek information about the overall utilization of the family visit facilities in order to counter defendants' reliance on the costs associated with such visits. Plaintiff has not suggested why he did not pursue this line of discovery during the discovery period set by the scheduling order.

/////

1          H.  Request For Documents No. 23

2              This request covers data on parole hearings and the costs of housing prisoners.

3   Plaintiff's explanation is, again, somewhat hard to follow, but it appears he is seeking

4   information to show that allowing lifers to have family visits is not unaffordable.  He also

5   suggests this information somehow relates to the defendants' obligation to choose the least

6   restrictive alternative when considering the rights of the child.  This issue is not raised by the

7   summary judgment motion.  Goodwin v. Turner, 908 F.2d 1395, 1399 (8th Cir. 1990) (rejecting

8   prisoner's claim that his wife's rights must be considered when evaluating prison regulations

9   restricting inmate procreation).

10         I.  Request For Documents No. 24

11             Plaintiff asks the court to conduct an in camera review of the files of those

12  inmates who have been paroled, to determine whether they were informants.  As noted above,

13  this information will not assist him in opposing summary judgment.  See United States v. Horn,

14  946 F.2d 738, 746 (10th Cir. 1991).

15         J.  Requests For Documents Nos. 25 & 26

16             Plaintiff seeks information on inmates killed and assaulted and the connection

17  between this violence and the victims' status as informants.  Once again, this information has no

18  relation to the issues raised on summary judgment.  Id.

19         K.  Requests For Documents Nos.  27, 28, 29 & 30

20             Plaintiff seeks information about regular visiting, including the number of times it

21  has been restricted, the restrictions imposed by a particular correctional officer, restrictions

22  imposed as the result of disciplinary findings, and information on the contract for inmate

23  telephone service between the institution and MCI.  Plaintiff has not explained why he did not

24  pursue these areas of discovery during the time set for discovery.

25  /////

26  /////

III.  Request For Issuance Of Subpoena (Docket No. 152)

Plaintiff seeks an order directing the U.S. Marshal to serve a subpoena on television station KTVU for a variety of materials relating to defendant Wilson's public pronouncements on parole and family visiting.  The court declined to make such an order in its earlier discovery order, dated November 3, 2006, and will not revisit the issue.

IV.  Motion To Amend The Complaint (Document 153)

Plaintiff seeks to amend the complaint to make clear he is challenging the alleged requirement that life prisoners become informants in order to be eligible for family visits as part of his equal protection challenge to the family visitation program.

Five factors are taken into account to assess the propriety of a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).   Plaintiff filed his original complaint in August 2004, yet has waited until the defendants have filed a motion for summary judgment to seek to amend his complaint. Moreover, the amendment does not appear necessary; his attack on the rational basis for the policy he challenges will necessarily be broad.

V.  Opposition To Summary Judgment

Plaintiff has filed many motions rather than preparing his opposition to the motion for summary judgment.  Plaintiff will be given fifteen days from the date of this order in which to file his opposition.  Failure to comply with this order will result in a recommendation that the action be dismissed for failure to comply with court orders.

IT IS HEREBY ORDERED:

1.  Plaintiff's motion for discovery and motion to compel discovery is denied (docket no. 149);

2.  Plaintiff's motion to compel and for additional time to oppose the motion for summary judgment is denied (docket no. 154);

3.  Plaintiff's motion for a subpoena is denied (docket no. 152);

4.  Plaintiff's motion to amend the complaint is denied (docket no. 153); and

5.  Plaintiff is given fifteen days from the date of this order in which to file his opposition to the motion for summary judgment.  Failure to comply with this order will result in a recommendation that the action be dismissed.

DATED:  September 27, 2007.

_____
U.S. MAGISTRATE JUDGE

2 tuva1724.mot